BIN ZHENG, Petitioner,

v.

Michael B. MUKASEY,[1] U.S. Attorney General and Board of Immigration Appeals, Respondents.

No. 07–0369–ag.

United States Court of Appeals, Second Circuit.

March 20, 2008.

Henry Zhang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Theodore C. Hirt, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. LORETTA A. PRESKA, District Judge.[2]

### SUMMARY ORDER

Petitioner Bin Zheng, a citizen of the People's Republic of China, seeks review of a January 19, 2007 order of the BIA affirming the June 23, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Zheng*, No. A 96 395 413 (B.I.A. Jan. 19, 2007), *aff'g* No. A 96 395 413 (Immig. Ct. N.Y. City, June 23, 2005). We assume the parties' familiarity

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

2. The Honorable Loretta A. Preska, United States District Court for the Southern District of New York, sitting by designation.

with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but, as here, closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law including "what evidence will suffice to carry any asylum applicant's burden of proof," *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (internal quotation marks and citation omitted), and review the agency's factual findings under the substantial evidence standard, *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

We find that substantial evidence supports the agency's factual determination that Zheng's fear of future persecution was not well founded. Zheng claimed that he was identified as a Falun Gong supporter by two Chinese policemen who saw him and others passing out flyers in support of Falun Gong. He testified that the police officers attempted to arrest him and that, although he was able to flee, two members of his group were arrested. Moreover, Zheng testified that following the incident the police came to his dormitory and his parents' house to arrest him. This evidence, however, does not "compel[ ]" the conclusion that Zheng was or would be targeted for *persecution*. *See* 8 U.S.C. § 1252(b)(4)(B) (2000) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). While the State Department Report in the record indicates that the Chinese government has persecuted Falun Gong practitioners, Zheng admittedly was not a practicing Falun Gong member in China, and there was inconclusive evidence in the record to support Zheng's subjective belief that the police would, upon apprehending him, persecute him simply for handing out flyers. Moreover, although Zheng assumed that the police were looking for him based on his act of handing out flyers (as opposed to some other reason), there is no evidence that that was in fact the police's motive. Accordingly, we affirm the agency's denial of Zheng's asylum claim.

Moreover, although Zheng's brief requests in passing that we reverse the agency's decision denying withholding of removal and CAT relief, we deem these claims abandoned because he does not directly address the agency's rulings with respect to them. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir. 2005); *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.